404

[Crim. No. 4136.   Second Dist., Div. One.   Sept. 4, 1947.]

THE PEOPLE, Respondent, v. HENRY GONAWAY, Appellant.

Marshall Denton, Jr., for Appellant.

Fred N. Howser, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

YORK, P. J.—Defendant was charged by information with the crime of burglary.  A jury trial having been waived, the trial court found him guilty of burglary of the second degree. This appeal is prosecuted from the judgment of conviction on the ground that the evidence is insufficient to support the same.

The prosecution's case was submitted on the transcript of the preliminary examination; the defendant took the stand and several witnesses testified on his behalf.  An examination of such evidence discloses that Mr. Earl Lovett, owner of the Lovett Service Station at 990 East Slauson, closed and locked his station at 6 on Christmas Eve of 1946, leaving $130 in the safe which was set in cement in the floor of a building, "eight by ten" with a ceiling between 7 and 9 feet in height,

located "between the pumps." Thirty to fifty feet to the rear of the service station and on the same lot was a garage or repair shop which did not belong to Mr. Lovett. This service station was patrolled and watched by the Golden State Detective Bureau and its special officers endeavored to make two trips there before midnight and two trips after midnight. Special Officer Pruitt of said detective bureau inspected all the doors and windows and the safe on his trip at 2 or 3 in the morning of December 25th and saw no one in or about the premises. On his next trip around 5 he parked his car in front and heard hammering like "someone was breaking into something," whereupon he told his partner, "Something is wrong around here," and observed a broken window in the garage. Officer Pruitt told his partner to keep guard while he called the Los Angeles Police Department, and as Officer Pruitt passed the service station he saw that the lights were out and the front door was broken, whereupon he opened the door, flashed his light on the defendant and said, "Come out. We got you covered. . . . As I opened the door, the defendant kneeled down near the floor and he sprung up there like a rabbit and meanwhile he threw the fire extinguisher at me. . . . And knocked me down, and while I was down I got my gun and fired"; that defendant also threw a hammer which missed the witness; that defendant then ran out of the service station, across Slauson and climbed over a fence 8 feet high; that defendant was dressed in a light hat, light overcoat, dark trousers and black shoes. When the Los Angeles police officers arrived, Officer Pruitt gave them a description of defendant, and Officer De Moulin arrested him about 5:30 on Christmas morning on the west side of Central Avenue between 56th and 57th Streets, or about a block and a half from the Lovett Service Station; that at the time of the arrest, said officer observed another man across the street who was dressed the same as the description given by Mr. Pruitt, so Officer De Moulin took both men to the Lovett Service Station where Officer Pruitt identified defendant as the man he had seen coming out of the service station and who threw a fire extinguisher and a hammer at him. Defendant said, "You must be mistaken. . . . That's a lie." When it got daylight, the officers examined the premises where the defendant climbed over the fence, which was a foundry or something similar thereto, where "they have a lot of casts and aluminum dies and airplane rivets and airplane metal"; pieces of planed-off aluminum, the purpose of this examination

being to recover the money bag which contained about $82.72 when it was taken from the safe. The bag was not found. In the afternoon of December 26, 1946, at the 77th Street Police Station, defendant's shoes were removed and taken to the crime laboratory and on the soles thereof were found six or eight small particles of aluminum metal.

Mr. George L. Snow, foreman or superintendent for Cook Brothers Equipment Company, manufacturers of trucks, testified that defendant worked for said company as a janitor, and that they used "all kinds of iron and steel and copper and brass and a lot of aluminum" in their construction work; that he saw defendant the day before Christmas but not in the evening.

Defendant took the stand in his own defense and testified that he had two pairs of shoes and that the shoes taken from him by the officers were shoes which he wore on the job in rainy weather; that he was wearing them that day because it was raining or drizzling on Christmas Eve; that when he was arrested he had approximately $29.50 on his person; that he lived on 22d Street between Wall and Trinity Streets, about 2 or 3 miles from the filling station he was accused of entering; and that he had just left the Zombie Cafe at 5433 Central Avenue, where he had been for two hours, when the officers picked him up.

It is here urged that "A careful study of the entire record fails to disclose such evidence as the law requires to prove appellant's guilt beyond a reasonable doubt." And that "appellant's guilt or innocence turns on the sufficiency of his identification by Pruitt, one of the People's witnesses." In this connection appellant points out that "The short space of approximately ten (10) seconds within which time the witness Pruitt claims he saw the features of the defendant and the articles of clothing which said defendant was then supposedly wearing raises a question of serious doubt as to this witness' ability to have reliably catalogued defendant's features so as to make the latter's identification positive."

On cross-examination, Officer Pruitt testified that when he entered the service station he saw appellant in a stooped position inside; that appellant "was facing north, facing the door when I opened the door"; that the glass in the door was broken, as was the lock, and that he "opened it and stuck my head in there, and threw my light around and I threw my light on the defendant"; that about 10 seconds elapsed be-

tween the time he focused his light on the appellant's face and the time when the latter ran out of the service station with the witness in pursuit; that appellant was dressed in a light hat, a light overcoat, dark trousers and black shoes; that about 20 minutes later the police officers returned with appellant in custody, at which time said witness walked to within 2 or 3 feet of appellant, looked at him and stated: "This is the fellow. Where did you get him?"

Officer Pruitt by the foregoing testimony positively identified appellant as the man whom he found in the service station stooped over the safe. However, appellant cites several cases wherein the identity of the accused was held sufficient, and he points out that in those cases the period of observation was either more extensive, or part of the stolen property was found in the possession of the accused, or his connection with the crime was shown by other convincing evidence. This argument is directed at the weight of the identifying evidence and not at its sufficiency.

As stated in *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]: "The rule applicable where there is evidence, circumstantial or otherwise, that a crime has been committed and that the defendant was the perpetrator thereof, has been many times reiterated by the reviewing courts of this state as follows: The court on appeal 'will not attempt to determine the weight of the evidence, but will decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found by the jury to warrant the inference of guilt. For it is the function of the jury in the first instance, and of the trial court after verdict, to determine what facts are established by the evidence, and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground' of insufficiency of the evidence, 'it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below.' "

The evidence adduced at the trial herein sufficiently identified appellant as the person who burglarized Lovett's Service Station.

No error appearing in the record, the judgment of conviction is affirmed.

Doran, J., and White, J., concurred.